VAN NORTWICK, J.,
concurring.
I concur completely with Judge Clark’s opinion. I write because, given the deprivation of her physical liberty and violation of her privacy interests, the proceeding below violated Samantha Burton’s constitutional right to appointed counsel in this case. Accordingly, I would reverse on these constitutional grounds as well.
The constitutional right to appointed counsel in criminal proceedings is well-established under the Sixth Amendment.[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In civil proceedings, however, there is no corollary to the Sixth Amendment right to counsel. The Supreme Court has held that, under the Due Process Clause, “an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.” Lassiter v. Department of Social Services, 452 U.S. 18, 26-27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). For example, in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Court held that the Due Process Clause of *267 the Fourteenth Amendment requires appointment of counsel to represent a child in state civil delinquency proceedings “which may result in commitment to an institution in which the juvenile’s freedom is curtailed.” Id. at 36, 87 S.Ct. 1428.
In the context of a case involving the termination of parental rights, the Court in Lassiter examined the limited nature of the right to counsel in civil proceedings. There, the Court applied the case-by-case due process analysis established in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to the question of whether indigent parents are entitled to counsel in proceedings to terminate their parental rights. Lassiter, 452 U.S. at 27, 101 S.Ct. 2153 (citing Eldridge, 424 U.S. at 339, 96 S.Ct. 893). As the Lassiter court explained, courts must first evaluate the three Eldridge elements: “the private interests at stake, the government’s interest, and the risk that the procedures used will lead to erroneous decisions.” Id. Courts then “must balance these elements against each other, and then set their net weight in the scales against the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom.” Id.
The Florida Supreme Court has recognized the right to appointed counsel in certain civil proceedings under Florida’s Due Process Clause. See Art. I § 9, Fla. Const. Thus, “[t]he subject of an involuntary civil commitment proceeding has the right to the effective assistance of counsel at all significant stages of the commitment process.” In Re Beverly, 342 So.2d 481, 489 (Fla.1977); see also Pullen v. State, 802 So.2d 1113, 1116 (Fla.2001). Similarly, there is a right to appointed counsel in proceedings which can result in the permanent loss of parental custody. In Interest of D.B., 385 So.2d 83, 90-91 (Fla.1980).
An individual who faces involuntary hospitalization and mandated invasive medical treatment under the procedure established in In Re Dubreuil, 629 So.2d 819 (Fla.1994), has serious liberty and privacy interests at stake. Here, Ms. Burton was involuntarily admitted to the hospital and, ultimately, required to undergo a caesarian section against her will. She suffered a significant deprivation of her physical liberty and personal freedom at least the equivalent of the interests at stake in D.B. and Beverly. Although in the order under review the trial court directed the special assistant state attorney appointed for this proceeding to contact North Florida Legal Services, Inc., to request that office to provide Ms. Burton representation, no counsel appeared on her behalf until after the caesarian section was performed. Appointment of counsel after the fact does not satisfy the due process requirements under the Federal and Florida Constitutions. Here, the State had the time to appoint a special assistant state attorney to institute this proceeding. I see no reason why there was not also the opportunity to appoint counsel for Ms. Burton prior to the hearing.

. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense.” U.S. Const. Amend. VI.